T.C. Summary Opinion 2002-4

UNITED STATES TAX COURT

BRAUN MICHAEL AND TWANDA B. CAMERON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13845-99S.          Filed January 17, 2002.

Braun Michael and Twanda B. Cameron, pro sese.

<u>Chang Ted Li</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1996 and 1997 of $11,032 and $9,142, respectively.

After concessions by the parties,[1] the issues remaining for decision are: (1) Whether petitioners are entitled to charitable contribution deductions claimed on Schedules A, Itemized Deductions, for the years in issue, and (2) whether the amount of petitioners' 1996 State income tax refund is includable as income for the 1997 tax year.

Background

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Severn, Maryland. Petitioners are husband and wife.

During 1996 and 1997 petitioners were actively involved with the Boy Scouts of America, troop No. 524 (BSA 524), at the Shiloh Baptist Church in Washington, D.C. Twanda B. Cameron (Mrs.

---

[1] At trial, petitioners conceded respondent's adjustment of the $2,312 employee business expense deduction claimed on their Schedule A, Itemized Deductions, for 1996.
Respondent concedes that petitioners substantiated the following Schedule A deductions:

| Deduction | 1996 | 1997 |
|---|---|---|
| State income tax | $6,612 | $6,563 |
| Real estate tax | 1,992 | 3,970 |
| Mortgage interest paid | 11,243 | 23,176 |

Cameron) was the den mother and Braun Michael Cameron (petitioner) was the scoutmaster of BSA 524 during the years in issue. Petitioners have one daughter who was not involved with the Boy Scouts of America. In 1996 petitioner purchased equipment to strip and repave the parking lot of the Shiloh Baptist Church, the sponsor of BSA 524. Through the parking lot repavement project, which was not completed until May 1997, scout members were able to receive merit badges for their work. Petitioners used their own financial resources to purchase two stripping machines and various supplies necessary for the parking lot repavement project. After the completion of the project, one stripping machine was donated to the church and the other was given to Mrs. Cameron's father. Petitioners were not reimbursed for the cost of the equipment or supplies to complete the parking lot repavement project.

At trial, petitioners provided a two-page document describing their purported charitable contributions for 1996. Listed in this exhibit were the following:

| Dec. 1996 | | |
|---|---|---|
| | Purple Heart clothing (18 bags) | $3,200 |
| | Purple Heart furniture (several pieces) | 1,800 |
| | Salvation Army street | 60 |
| | Goodwill Ind. | 400 |
| | Lolita Perry | 2,935 |
| | United Way | 1,190 |
| | Twanda--cash | 375 |
| | Braun--payroll | 120 |

In addition to the above, petitioners provided a self-created document itemizing donations, made with the following

information: check number, organization, date, purpose, and amount. Most of the items listed related to BSA 524. It appears that the totals for 1996 and 1997 itemized on this list were $4,350.65 and $607.25, respectively.

Petitioners financially assisted petitioner's elderly aunt, Lolita Perry (Ms. Perry) during 1996. Petitioner visited Ms. Perry at her residence, often purchasing groceries and offering other financial assistance.

Petitioners claimed $3,200 as the value of 18 bags of clothes and $1,800 for several pieces of furniture donated to the Purple Heart in 1996. Petitioners generally testified that the bags included "several pairs of jeans, * * * several blouses, T-shirts, comforters * * * a couple of coats * * * [and] shoes." Petitioners valued the donated items on the basis of the purchase price. Petitioners also testified that they donated furniture to the Purple Heart and the Salvation Army, including beds, headboards, dressers, and chairs.

Petitioners also claimed deductions for donations made to the United Way, cash donations, and petitioner's payroll deduction, all related to contributions made through the Combined Federal Campaign (CFC).

At the close of trial, the record was held open for submission of further evidence by petitioners. Upon the receipt

of various documents from petitioners, the record was closed by an Order of the Court dated January 22, 2001.

Petitioners timely filed their joint 1996 and 1997 Federal income tax returns. Petitioners claimed charitable contribution deductions of $17,212 and $5,020 for 1996 and 1997, respectively. Petitioners reported adjusted gross incomes of $98,782 and $97,960 for 1996 and 1997, respectively.

In a notice of deficiency, respondent disallowed petitioners' deductions for charitable contributions on the ground that petitioners failed to substantiate the claimed contributions. Respondent further determined that a 1996 State income tax refund of $2,552 was includable in their gross income for 1997.

## 1. Charitable Contributions

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.[2]

---

[2]     We note that sec. 7491(a) does not affect the burden of proof where a taxpayer fails to substantiate a deduction. Higbee
(continued...)

Section 170 allows as a deduction any charitable contribution actually paid during the taxable year. Sec. 170(a)(1); sec. 1.170A-1(a), Income Tax Regs. A taxpayer may claim a deduction for a "charitable contribution", which is defined as a contribution made "to or for the use of" a qualified organization. Sec. 170(c); Davis v. United States, 495 U.S. 472, 478 (1990). The regulations provide specific record-keeping requirements. With respect to each charitable contribution of money in a taxable year beginning after December 31, 1982, a taxpayer is required to maintain one of the following: (1) A canceled check; (2) a receipt or letter from the donee indicating the name of the donee, the date of the contribution, and the amount of the contribution; or (3) any other reliable written record showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

To begin with, we note that petitioners claim a deduction for contributions made to Ms. Perry, petitioner's elderly aunt. Although petitioners generously provided their time and financial resources to Ms. Perry, these contributions were not donations for which section 170 allows a deduction. Ms. Perry is not a qualified charitable organization, and contributions to her are

---

<sup>2</sup>(...continued)
v. Commissioner, 116 T.C. 438, 444 (2001); Caralan Trust v. Commissioner, T.C. Memo. 2001-241.

in effect gifts.  Sec. 170(c).  Accordingly, petitioners are not entitled to deduct $2,935 attributable to contributions made for the maintenance of Ms. Perry in 1996.

The substantiation requirements are clear.  We find petitioners credible and believe that petitioners donated furniture and clothing to the Purple Heart and Salvation Army in 1996.  However, petitioners failed to substantiate the specific amounts of the donated clothing and furniture.  Therefore, we find that for 1996 petitioners are entitled to deduct $25 for each bag of clothing, totaling $450, and $100 for the furniture.

Petitioners failed to provide any substantiation for the United Way donation, cash donations, and petitioner's payroll deduction in conjunction with the CFC.  With regard to Mrs. Cameron's cash donation of $375, we believe that, on the basis of their gross income, the $375 claimed for a cash deduction is not unreasonable.  Therefore, we will allow petitioners to deduct this amount.  Petitioners were afforded an opportunity to submit the necessary documentation to substantiate the claimed deductions for the United Way and the CFC; however, they failed to do so.  Accordingly, petitioners are not entitled to deductions for the purported $1,190 United Way donation and petitioner's $120 payroll deduction in 1996.

Petitioners submitted an itemized list of additional contributions made to various organizations (i.e., St. Jude

Children's Hospital, the Boy Scouts of America, and Shiloh Baptist Church). After reviewing this list and comparing it with petitioners' check receipts, we conclude that petitioners substantiated $2,910.80 for 1996 and $249.29 for 1997. Accordingly, petitioners are entitled to deduct these amounts.

We note that petitioners did not offer any documentation or testimony as to the value of the stripping machines used for the repavement project. Because we are unable to decide this value, we hold that petitioners are not entitled to any deduction therefor.

Therefore, petitioners are entitled to charitable contribution deductions for 1996 and 1997 of $3,835.80 and $249.29, respectively.

## 2. State Income Tax Refund

Refunds of State taxes are includable in gross income in the year received to the extent that they reduced a taxpayer's Federal income tax liability for a prior taxable year. Secs. 61(a); 111(a); sec. 1.111-1(a), Income Tax Regs.

In the notice of deficiency, respondent determined that petitioners failed to include in gross income for 1997 $2,552 representing their 1996 Maryland State Income Tax refund.

Petitioners contend that they did not receive a refund in that amount from the State of Maryland, and thus should not be required to include any additional amount as income.

By letter dated December 27, 2000, the Comptroller of Maryland confirmed that petitioners' 1996 Maryland State Tax Return, as filed, resulted in an overpayment of $2,532.85[3] of which $2,191.32 was refunded to petitioners and $361.53 was offset to the Maryland State Central Collections Unit.  There is no evidence in the record explaining what the offset represents.

With certainty, we can state that this deduction reduced petitioners' 1996 Federal income tax liability, and, therefore, the Maryland State tax refund received in 1997 is includable in gross income.

Accordingly, we sustain respondent and hold that $2,552 is includable in petitioners' income for 1997.

We have considered all arguments made by the parties, and, to the extent not discussed above, conclude they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.

---

[3]     The letter from the Comptroller of Maryland appears to have a typographical error, i.e., this number should be $2,552.85 instead of $2,532.85 ($2,191.32 + $361.53 = $2,552.85).